NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID UPTON, | No. 19-55811 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-02359-AB-PJW |
| v. | |
| AREF FAKHOURY, in his individual and official capacity as Warden of California Institution for Men; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted January 19, 2022**

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Former California state prisoner David Upton appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016) (cross motions for

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal pursuant to Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly granted summary judgment for defendants Blackmon and Payne because Upton failed to raise a genuine dispute of material fact as to whether the sanctions imposed by these defendants caused the change in Upton's sentence. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." (citation and internal quotation marks omitted).

The district court properly dismissed Upton's claims against defendants Fakhoury, Duarte, and Garcia because Upton failed to allege facts sufficient to show that these defendants were personally involved in any alleged deprivation of Upton's constitutional rights or not immune from liability. *See Engebretson v. Mahoney*, 724 F.3d 1034, 1039 (9th Cir. 2013) (holding prison officials are immune from liability under § 1983 for enforcing a facially valid court order); *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (because § 1983 suits do not support vicarious liability, plaintiffs must demonstrate defendants are individually liable for violations).

The district court properly denied Upton's motions for judgment on the pleadings against non-parties Williams and the California Department of

2                                                                                    19-55811

Correction and Rehabilitation. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983) (holding that a court "may not attempt to determine the rights of persons not before the court").

The district court did not abuse its discretion in striking Upton's proposed First Amended Complaint because the proposed complaint added claims and defendants to the case. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (setting forth standard of review and concluding denial of leave to amend was justified when new claims "would have greatly altered the nature of the litigation" and "would have required defendants to have undertaken, at a late hour, an entirely new course of defense").

The district court did not abuse its discretion in denying Upton's motions to consolidate. *See Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) (setting forth standard of review and explaining that a district court has broad discretion to consolidate actions).

The district court did not abuse its discretion in denying Upton's motions to have the United States Attorney General and United States Department of Justice provide amicus briefs. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) (holding district courts have broad discretion in appointing amicus curiae), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

We reject as meritless Upton's contention that the district court erred by

declining to certify to the United States Attorney General the fact that Upton was challenging the constitutionality of federal statutes.

The district court did not abuse its discretion in denying Upton's motions for reconsideration because Upton set forth no valid grounds for reconsideration. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Rules 59 and 60).

The district court properly denied Upton's motion for attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991) ("[A] pro se litigant who is *not* a lawyer is *not* entitled to attorney's fees.").

All pending motions and requests are denied.

**AFFIRMED.**